UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE DAVID, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 8833 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

George David alleges in this suit that his former employer, Wal-Mart Stores, Inc., discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Doc. 8. David initiated the suit *pro se*. Doc. 3. Two attorneys appeared for him about a year later, Docs. 9, 14, but within a few weeks they sought and were given leave to withdraw, Docs. 19, 21. Wal-Mart was served while David was represented and soon moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and under Rule 12(b)(6) on judicial estoppel grounds. Doc. 29. After the motion was fully briefed, the court directed David to contact his bankruptcy trustee and allowed Wal-Mart to depose David. Docs. 40, 43. The presiding judge then recused himself, and the case was reassigned to the undersigned judge, Docs. 46-47, who requested and received supplemental briefs on Wal-Mart's judicial estoppel argument, Docs. 50-52. The motion to dismiss is denied.

**Background**

Wal-Mart's Rule 12(b)(1) motion accepts as true the facts alleged in the complaint, so its challenge to David's standing is facial rather than factual. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). On a facial challenge to subject matter

jurisdiction, as on a Rule 12(b)(6) motion, the court must accept the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the plaintiff's favor, but not its legal conclusions. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012); *Apex Digital*, 572 F.3d at 443-44; *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in David's briefs opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The papers filed and orders entered in David's bankruptcy case are subject to judicial notice. *See Kimble v. Donahoe*, 511 F. App'x 573, 575 n.2 (7th Cir. 2013); *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006). The following facts are set forth as favorably to David as permitted by those materials. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

In October 2008, David was hired by a Wal-Mart store in Niles, Illinois, "as a temporar[y] employee for the holidays." Doc. 8 at 7. Wal-Mart terminated his employment in December 2008. *Ibid*. In May 2009, David filed a discrimination charge against Wal-Mart with the Equal Employment Opportunity Commission ("EEOC"). *Id*. at 8, 11.

On June 8, 2009, less than a month after filing his EEOC charge, David filed for Chapter 7 bankruptcy. Doc. 29-2 at 1; Doc. 29-4 at 1-28; *see In re David*, No. 09-20765 (N.D. Ill. Bankr.). He handled the bankruptcy case *pro se*. Doc. 31 at 6. On the bankruptcy petition's schedule of assets, David listed $500 worth of clothing, $3000 worth of furniture and electronics, a car worth $750, and two parakeets worth $35; however, he did not list his EEOC charge under the line item calling for "[o]ther contingent and unliquidated claims of every nature." Doc. 29-4 at 8-12. Nor did David list his EEOC charge in his Statement of Financial Affairs under the line

item calling for "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."  Doc. 51-2 at 54, 64.  As David explains in his briefs in this case, he "was never aware that the EEOC charge was an asset," and he did not understand that the charge was a "contingent and unliquidated asset[]."  Doc. 38 at 2; Doc. 52 at 4-5.  David received a bankruptcy discharge on September 24, 2009, and the bankruptcy case was closed.  Doc. 29-2 at 2; Doc. 51-2 at 65-67.

David received a right-to-sue letter from the EEOC about two years later, on September 21, 2011.  Doc. 8 at 9.  He filed this suit on December 13, 2011.  Doc. 1.  On October 30, 2012, counsel appeared for him and promptly effected service on Wal-Mart.  Doc. 9, 13.  Less than a month later, his attorneys moved for and were granted leave to withdraw.  Docs. 17, 21.  As David explains, and as counsel's email to David confirms, the attorneys withdrew due to concerns that his failure to disclose his EEOC charge during the bankruptcy case could negatively impact the viability of this case.  Doc. 31 at 8; Doc. 52 at 5-6, 23.

Having learned of the mistake he made during his bankruptcy case, David quickly contacted the bankruptcy trustee and moved to reopen the bankruptcy to file an amended schedule of assets.  Doc. 29-2 at 2; Doc. 29-3; Doc. 31 at 9-10; Doc. 38 at 1; Doc. 52 at 6.  As David stated in his letter to the trustee: "In June of 2009 I filed for bankruptcy as a Pro Se, and was discharged in September, but didn't know that I had to disclose the EEOC charge."  Doc. 31 at 28.  And as the motion to reopen stated, David moved to reopen his case "so that he might file an amended Schedule B and C to reflect his discrimination claim."  Doc. 29-3 at 2; *see also id*. at 6 (listing "[a]n employment discrimination 2009 EEOC charge, currently in court to be heard. Case # CV 11 8833" under the line item calling for "[o]ther contingent and unliquidated claims of every nature").  The bankruptcy court granted David's motion and then re-closed the

bankruptcy case, and the trustee did not take any action concerning David's claim against Wal-Mart. Doc. 29-2 at 2-3; *In re David*, No. 09-20765, Docs. 39-40 (Bankr. N.D. Ill.). On June 25, 2013, the trustee wrote a letter to David saying that "as a matter of bankruptcy law 11 U.S.C. § 554(c), I have abandoned the estate's interest in the lawsuit against Walmart." Doc. 41.

**Discussion**

**I.      Subject Matter Jurisdiction**

Wal-Mart contends that David lacks standing to pursue this case because his ADA claim is an asset of his Chapter 7 bankruptcy estate. Doc. 29 at 4-6. Because standing implicates the court's subject matter jurisdiction, it must be addressed at the threshold. *See Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 546 (7th Cir. 2014); *Citizens Against Ruining the Env't v. EPA*, 535 F.3d 670, 675 (7th Cir. 2008); *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005).

David's claim against Wal-Mart was an asset of his Chapter 7 bankruptcy estate because his claim existed at the time he filed for bankruptcy. *See Matthews v. Potter*, 316 F. App'x 518, 521 (7th Cir. 2009) ("Under § 541 of the Bankruptcy Code, all of a debtor's property, including legal claims, become part of the bankruptcy estate at the time the petition is filed."); *Becker v. Verizon N., Inc.*, 2007 WL 1224039, at *1 (7th Cir. Apr. 25, 2007) (holding that a pre-petition ADA claim was part of the bankruptcy estate); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims"). This is so even though David failed to schedule that claim in his bankruptcy petition. *See Kleven v. Walgreen Co.*, 373 F. App'x 608, 610-11 (7th Cir. 2010); *Matthews*, 316 F. App'x at 521. Accordingly, only David's bankruptcy trustee, and not David, had standing to pursue that claim, unless and until the trustee abandoned that claim under § 554(c) of the Bankruptcy Code. *See Matthews*, 316 F. App'x at 521; *Cannon-Stokes*, 453 F.3d at 448.

4

Section 554(c) provides that "any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. § 554(c). That is precisely what happened here. Although David did not initially schedule his ADA claim against Wal-Mart, the bankruptcy court reopened his case to permit him to schedule the claim, and then quickly re-closed the case without the trustee "otherwise administering" the claim. The trustee thus abandoned the estate's interest in the claim, whose ownership reverted to David. *See Spaine*, 756 F.3d at 546 ("The bankruptcy case had been reopened and then closed again after the trustee undoubtedly knew about the civil case. That sequence of events indicated that the trustee had abandoned the lawsuit as property of the Chapter 7 estate, so the property reverted to the debtor."); *Matthews*, 316 F. App'x at 521 ("Matthews's discrimination claims reverted to her when the Chapter 7 case was reopened and then closed again after amended schedules including those claims were filed."). David therefore has standing to pursue his claim against Wal-Mart. *See Spaine*, 756 F.3d at 546; *Cannon-Stokes*, 453 F.3d at 448.

## II. Judicial Estoppel

In the alternative, Wal-Mart argues that the judicial estoppel doctrine requires dismissal because David did not disclose his ADA claim in his bankruptcy case and received a discharge. Doc. 29 at 6-8. Wal-Mart's position finds support in Seventh Circuit authority holding that a Chapter 7 petitioner who fails during his bankruptcy case to disclose a pending pre-petition claim, and who then receives a discharge, is barred by judicial estoppel from later pursuing that claim in court. *See, e.g., Kimble*, 511 F. App'x at 575 ("By omitting her administrative charge against the Postal Service [from her listing of assets], Kimble represented that she had no claim against the Postal Service at the time of her bankruptcy, and she is estopped from arguing

5

otherwise in a subsequent case."); *Becker*, 2007 WL 1224039, at *1 ("A debtor who fails to disclose 'an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends.'") (quoting *Cannon-Stokes*, 453 F.3d at 448); *Cannon-Stokes*, 453 F.3d at 449 ("The representation [the plaintiff] made [not listing her claim on her schedule of assets] is false; she obtained the benefit of a discharge; she has never tried to make the creditors whole; now she wants to contradict herself in order to win a second case. Judicial estoppel blocks any attempt to realize on this claim for her personal benefit."); *Biesek v. Soo Line RR. Co.*, 440 F.3d 410, 412 (7th Cir. 2006) (collecting cases) (stating in dicta that "[p]lenty of authority supports the district judge's conclusion that a debtor in bankruptcy who receives a discharge (and thus a personal financial benefit) by representing that he has no valuable choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim").

David contends that judicial estoppel should not apply here because his failure to disclose the EEOC charge during his bankruptcy case was inadvertent in that he did not realize that the charge was an asset that had to be disclosed. The materials that the court must consider on a Rule 12(b)(6) motion, when viewed as favorably to David as those materials permit, amply support the factual premise of David's contention (that his failure to disclose was inadvertent). Wal-Mart responds that the alleged innocence of David's failure to disclose has no legal significance because even an inadvertent failure to disclose results in judicial estoppel. There is one nonprecedential Seventh Circuit decision that directly supports Wal-Mart's submission. *See Becker*, 2007 WL 1224039, at *1 ("Becker intimates that her failure to disclose this lawsuit in her sworn financial statement was unintentional, but her subjective intent does not matter."). *Cannon-Stokes*, a published decision, could reasonably be interpreted as supporting Wal-Mart as

well. *See* 453 F.3d at 448-49 (rejecting the plaintiff's argument that judicial estoppel should not apply due to her "good-faith reliance on legal advice" from her bankruptcy attorney). Indeed, *Becker* cites *Cannon-Stokes* for that very principle.

The Seventh Circuit's latest precedential decision on the subject, however, clearly holds that judicial estoppel applies *only* if the plaintiff's failure to disclose a legal claim during his bankruptcy case resulted from an intent to deceive or manipulate the bankruptcy court. The decision is *Spaine v. Community Contacts*, *supra*, which Wal-Mart's attorneys candidly and admirably brought to the court's attention after the briefing on this motion concluded. Doc. 57. *Spaine* clearly and repeatedly holds that dismissing a case on judicial estoppel grounds for failing to disclose a preexisting legal claim during a bankruptcy case is appropriate only where the plaintiff intended to deceive the bankruptcy court. *See Spaine*, 756 F.3d at 547 (holding that "[t]he doctrine of judicial estoppel prevents litigants from manipulating the judicial system by prevailing in different cases or phases of a case by adopting inconsistent positions" and that "[m]anipulation may occur when a debtor deliberately conceals a contingent or unliquidated claim during bankruptcy proceedings"); *ibid*. ("Courts do not apply judicial estoppel for the benefit of the defendant but try to protect courts and creditors from deception and manipulation."); *ibid*. (distinguishing earlier cases where judicial estoppel applied, explaining that in those cases, "the Chapter 7 debtors engaged in affirmative misrepresentations"); *id*. at 548 ("If there were undisputed evidence that Spaine intentionally concealed her claim, we would [apply judicial estoppel]."). *Spaine* rejected the application of judicial estoppel because the evidence there "d[id] not compel an inference of deceit on Spaine's part" or the conclusion "that Spaine had filed incomplete schedules with the subjective intent to conceal her lawsuit." *Id*. at 547-48.

7

It is true, as Wal-Mart observes, that there are some factual distinctions between this case and *Spaine*. Doc. 57. Most significantly, the plaintiff in *Spaine* told the trustee *during* the bankruptcy case that she had omitted her legal claim from her bankruptcy schedule, 756 F.3d at 547, while David did not do so until *after* receiving his discharge. But the central legal principle set forth in *Spaine*, that intent to deceive is a necessary ingredient of judicial estoppel arising from a failure to disclose a legal claim during a bankruptcy proceeding, protects David from being judicial estopped, at least viewing the record through the Rule 12(b)(6) lens, a view that shows David to have made an innocent and inadvertent mistake in not disclosing his claim against Wal-Mart. *See also New Hampshire v. Maine*, 532 U.S. 742, 753 (2001) ("We do not question that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake.") (internal quotation marks omitted); *Jarrard v. CDI Telecomm'ns, Inc.*, 408 F.3d 905, 915 (7th Cir. 2005) (favorably quoting *In re Chambers Dev. Co.*, 148 F.3d 214, 229 (3d Cir. 1998), for the proposition that "[j]udicial estoppel 'will not apply where inconsistent positions are asserted in good faith or through inadvertence'"); *Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990) ("Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process. It is to be applied where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum designed for suitors seeking justice, to prevent litigants from playing fast and loose with the courts.") (internal quotation marks and citations omitted) (cited with approval by *New Hampshire*, 532 U.S. at 750). And in any event, even *Cannon-Stokes* suggests that judicial estoppel does not apply where, as here, the plaintiff moved post-discharge to reopen the bankruptcy case to schedule a previously undisclosed claim. *See* 453 F.3d at 448 ("And if Cannon-Stokes were really making an honest attempt to pay her debts, then as soon as she realized that [her employment

8

discrimination claim] *had* been omitted [from her bankruptcy schedules], she would have filed amended schedules and moved to re-open the bankruptcy, so that the creditors could benefit from any recovery. Cannon-Stokes never did that ….").

## Conclusion

For the foregoing reasons, David has standing to pursue his ADA claim, and the court cannot conclude on a Rule 12(b)(6) motion that he is judicially estopped from pursuing that claim. Wal-Mart's motion to dismiss accordingly is denied, and it shall answer the complaint by November 14, 2014.

October 24, 2014

United States District Judge