UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE DAVID, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 8833 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**M**EMORANDUM **O**PINION AND **O**RDER

George David brought suit against his former employer Wal-Mart Stores, Inc., alleging discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Doc. 8. The day he filed suit, David also applied for leave to proceed *in forma pauperis* ("IFP") and moved for the recruitment of counsel. Docs. 4-5. The court granted David partial pauper status, requiring him to pay five percent ($17.50) of the $350 filing fee, and denied his motion for counsel. Doc. 6 (Zagel, J.). After the case was reassigned to the undersigned judge, Doc. 47, the court recruited counsel to represent David, Doc. 82. Wal-Mart now moves to dismiss this suit pursuant to 28 U.S.C. § 1915(e)(2)(A), arguing that David lied on his IFP application about his assets. Doc. 123. The motion is granted.

**Background**

Wal-Mart initially hired David as a temporary holiday employee in October 2008. Doc. 8 at 7. He was laid off after three months and was not hired after reapplying. *Id*. at 7-8. David then filed this suit and moved to proceed *in forma pauperis*. Doc. 4. In his sworn IFP application, which was dated December 12, 2011, David claimed that his only sources of income over the prior twelve months were his and his wife's monthly wages and public assistance. *Id*. at

1

1-2. David represented that nobody who lived with him (other than his wife) had received more than $200 in wages or from other sources over the prior twelve months, and also that he (and everyone else living with him) then had only $365.00 in cash, checking accounts, or savings accounts. *Id*. at 2. As noted, the court granted David's IFP application in large part, requiring him to pay only five percent ($17.50) of the filing fee. Doc. 6 (Zagel, J.).

In its motion to dismiss, Wal-Mart says that it recently discovered that David failed to disclose certain assets and income on his IFP application. First, although David's mother-in-law and father-in-law lived with him from September 2009 through April or May 2011 and were employed during some of that time, David's IFP application did not report any of their income from December 2010 through May 2011. Doc. 124 at 8; Doc. 124-8 at 14, 17; Doc. 127-1 at 2-3, 17-18. Second, David did not report his earnings from December 2010 through January 15, 2011, when he worked full-time for AMT Printing. Doc. 124 at 8; Doc. 124-8 at 11-13. Third, David did not report his 2010 tax refund of $7,339, which was issued on March 7, 2011, and did not update his IFP application after receiving additional tax refunds. Doc. 127 at 8; Doc. 127-1 at 14-16, 20; Doc. 127-2 at 6-7. Fourth, and most critically, David failed to disclose his Charter One bank account, which had a $32,105.94 balance at the time he filed his IFP application. Doc. 124-8 at 22-23; Doc. 127 at 7; Doc. 127-4 at 6. David now admits that he had been depositing his tax refund checks into that account for several years. Doc. 134 at 5.

## Discussion

Section 1915(a)(1) authorizes the court to waive the filing fee for a non-prisoner plaintiff who cannot afford to pay the fee. *See* 28 U.S.C. § 1915(a)(1); *DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003). The statute further provides that "the court *shall* dismiss the case at any time if the court determines that … the allegation of poverty is untrue." *Id*. § 1915(e)(2)(A)

(emphasis added). Any doubts about the statute's mandatory nature have been laid to rest by the Seventh Circuit's admonition that once "the allegation of poverty [is proven] false, the suit ha[s] to be dismissed; the judge ha[s] no choice." *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002); *see also Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604 (7th Cir. 2014).

The critical issue, therefore, is whether David falsified his IFP application. David acknowledges that all of the above-referenced assets should have been disclosed and that, had he listed those assets on his application, the court likely would have denied it. Doc. 134 at 2, 15. Yet David argues that his allegation of poverty was not false because the omissions were inadvertent and he did not intend to deceive the court. *Id*. at 1-2. For at least some of the assets, it is conceivable that David's failure to disclose arose from a good faith misunderstanding of the extent of his disclosure obligation. For example, a plaintiff reasonably could mistakenly exclude a relative's income from his household income (despite the application's instructions to the contrary), or forget to list earnings from a temporary job he had left many months earlier.

But it is not credible that David believed that he had no obligation to disclose the $32,105.94 in his Charter One bank account. The IFP application asked: "Do you or anyone else living at the same residence have more than $200 in cash or checking or savings account?" Doc. 4 at 2 (emphasis omitted). Despite having a balance of $32,105.94 in that account, David represented he had only $365.00 in cash or savings. *Ibid*. David concedes that he legally owned the account, but claims he never considered the Charter One money to truly be his; because his extended family financially supported him for years, David believes the money belonged to them and that he had a moral duty to repay them. Doc. 134 at 4, 16. Accordingly, David says, he

earmarked the money from his tax refunds and set it aside in the Charter One account so he could eventually pay back that debt. *Ibid*.

This tale—that David did not disclose the Charter One account because he did not believe that it was truly his—is unworthy of belief. David's bank statements show that he frequently spent money from his Charter One account for his own personal purposes. For example, while his IFP application was pending, David purchased a $155 Groupon, attended a screenwriting seminar that cost $660, paid for dinner at a steakhouse in Lake Geneva, Wisconsin, and covered many other personal expenses—all with money from the Charter One account. Doc. 127-4 at 8; Doc. 157 at 2. Later, in December 2014, David and his wife sought to buy a condominium apartment and told a mortgage company that they had $35,000 available as a down payment. Doc. 127-1 at 29-31, 42.

That David made those personal expenditures with money from his Charter One account belies his assertion that he did not believe the money was his. At a hearing on the present motion, David's able recruited counsel argued that, even though David regularly used his Charter One savings to cover personal expenses, he always offset those withdrawals with deposits of equal or greater value. But that behavior is consistent with anyone trying to save money, regardless of their reasons for doing so; it does not prove that David believed this money belonged to anyone else. More to the point, if David offset payments for the $660 screenwriting seminar, the $155 Groupon, and the Lake Geneva steak dinner with subsequent deposits of equal or greater value, he certainly could have done so for a $350 filing fee. There is absolutely no justification for David's using the Charter One account to pay for a screenwriting seminar and a Groupon, but not for a filing fee. And the lack of any such justification reveals that David's claim that he innocently failed to disclose the account on his IFP application is untrue.

Because David intentionally concealed that material asset when preparing and filing his IFP application, his allegation of poverty is untrue and this case is dismissed. *See Lofton*, 578 F. App'x at 604 (affirming dismissal where the plaintiff knowingly falsified her IFP application); *McRoyal v. Commonwealth Edison Co.*, 263 F. App'x 500, 501-02 (7th Cir. 2008) (affirming dismissal where the plaintiff failed to disclose on her IFP application that she owned a condominium in Hawaii); *Thomas*, 288 F.3d at 306-07 (holding that the district court had to dismiss the case where the plaintiff failed to update his IFP application upon receiving $58,990 from a retirement account three weeks after he filed the application); *Osoria v. Am. Tel. & Tel. Co.*, 2013 WL 4501450, at *3 (N.D. Ill. Aug. 21, 2013) (dismissing the case after discovering that the plaintiff did not list business assets on her IFP application, despite her argument that she misunderstood the application). In so holding, the court distinguishes its ruling on Wal-Mart's earlier motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which argued that David was judicially estopped from pursuing this case because he had intentionally failed to list this case as an asset on his Chapter 7 bankruptcy petition. Doc. 29. The court denied the motion because, given the limited universe of materials that may be considered on a Rule 12(b)(6) motion and the need to draw all reasonable inferences in David's favor, the court could not conclude that David had acted intentionally. Docs. 64, 69 (reported at 2014 WL 5510986 (N.D. Ill. Oct. 24, 2014)). Here, by contrast, the court concludes on a more complete record, including David's bank statements and affidavit, that he intentionally lied on his IFP application.

The only remaining question is whether the dismissal will be with prejudice or without prejudice. The Seventh Circuit has explained that "[d]ismissal with prejudice is an appropriate sanction when a plaintiff tries to deceive the district court by falsifying an IFP application." *Lofton*, 578 F. App'x at 604; *see also Thomas*, 288 F.3d at 306-07 ("Dismissal with prejudice

5

may have been the only feasible sanction for this perjury designed to defraud the government."). Given the court's determination that David intentionally misrepresented his financial status, as well as the magnitude of the misrepresentation, dismissal with prejudice is appropriate. *See Lofton*, 578 F. App'x at 604-05 ("Proceeding in forma pauperis is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay. Abusing this privilege warrants dismissal with prejudice as a sanction for lying, and we therefore conclude that the district court did not abuse its discretion."); *Thomas*, 288 F.3d at 308 (affirming dismissal with prejudice where the plaintiff failed to disclose $50,000 in income); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 547-48 (7th Cir. 1998) (upholding dismissal with prejudice where the plaintiff "did not disclose [on his IFP application] that he owned a home with approximately $14,000 of equity and that counsel had been appointed to assist him in other cases"). In any event, there is no practical distinction here between a dismissal with prejudice and a dismissal without prejudice because, even if the court dismissed without prejudice, refiling would be futile, as the statute of limitations for David's ADA claims, *see* 42 U.S.C. § 12117(a), will have run. *See Lee v. Cook Cnty.*, 635 F.3d 969, 971-72 (7th Cir. 2011) ("In federal practice … when a suit is dismissed, the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing. In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed.") (internal quotation marks omitted); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).

## Conclusion

For the foregoing reasons, Wal-Mart's motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A) is granted and David's suit is dismissed with prejudice. The court expresses its

6

appreciation for the efforts of David's recruited attorneys from Latham & Watkins LLP, who entered the suit in March 2015 and of course had nothing whatsoever to do with the conduct resulting in its dismissal.

May 4, 2016

_____
United States District Judge